# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TROY G. HAMMER,

           Plaintiff,

v.

FOREST COUNTY JAIL, KATIE LEWIS, AMANDA HERMAN, and JOHN/JANE DOES,

           Defendants.

Case No. 24-CV-1258-JPS

**ORDER**

    Plaintiff Troy G. Hammer, a former inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

    Plaintiff was not incarcerated at the time of filing and Plaintiff filed a motion to proceed without prepayment of the filing fee. ECF No. 2. On the question of indigence, although Plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the privilege of proceeding without prepayment of the filing fee "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

    In his motion, Plaintiff avers that he is unemployed ECF No. 2 at 1. He owns a car; has approximately $600.00 in checking or saving; and does

not own any other property of value. *Id.* at 2–3. Plaintiff makes monthly vehicle and car insurance payments of approximately $600.00 and that he also owes probation fees. *Id.* at 4. Given these facts, the Court accepts that Plaintiff is indigent and will grant his motion to proceed without prepayment of the filing fee. However, the inquiry does not end there; the Court must also screen the complaint.

2. SCREENING THE COMPLAINT

   2.1 Federal Screening Standard

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

During the relevant time period, Plaintiff was a pretrial detainee, incarcerated on a probation hold at the Forest County Jail ("FJC"). ECF No. 1 at 2. Sometime during the second week of September, an officer called Plaintiff into the vestibule of D and E block. *Id.* at 3. The officer said she heard that Plaintiff had made some sort of suicidal comment. *Id.* The officer then told Plaintiff that she had to go through the suicidal questionnaire. *Id.* at 3-4. After finishing the questionnaire with another male officer present, the female officer said she had to go make a call. *Id.* at 4. The female officer called the crisis screener and returned to the vestibule of D and E block. *Id.* The female officer informed Plaintiff that he was going to be placed on observation. *Id.* Plaintiff was stripped, given a smock and security blanket, and was placed on clinical observation. *Id.* Plaintiff was wearing his glasses when placed in observation and no one took them from him. *Id.*

On September 10, 2024, Defendant Katie Lewis ("Lewis") evaluated Plaintiff's observation status. *Id.* Lewis determined that Plaintiff was still at risk for a serious suicide attempt. *Id.* Plaintiff was still wearing his glasses during this interaction with Lewis. *Id.* Lewis reported her decision to keep

Plaintiff on observation status to Defendant Amanda Herman ("Herman"). *Id.* at 4–5. Herman was already aware of the fact that Plaintiff was wearing his glasses and was a suicide risk. *Id.* at 5. Herman was an officer on September 5, 2024, when Plaintiff was transferred from Green Bay Correctional Institution to FJC for a hearing. *Id.* Plaintiff had a previous self-harm incident around that time where he scratched his neck. *Id.* Herman had witnessed the scratch and told Plaintiff, "You should've cut deeper." *Id.*

Later that night, Plaintiff acted on his suicidal thoughts and used his glasses to harm himself. *Id.* Plaintiff used his glasses to lacerate his left thigh around his femoral artery area and to put a foreign body into his urethra. *Id.* As a result of this injury, Plaintiff was transferred by EMS to Aspirus Hospital in Rhinelander. *Id.* at 5–6. While at the hospital, Plaintiff received six sutures in his left thigh and a foley catheter. *Id.* at 6. Plaintiff was then discharged from the hospital and transferred to FJC. *Id.* While there, Plaintiff was placed in a restraint chair for approximately six hours until he was transferred to Aspirus Urology Clinic to remove the foreign object from his urethra. *Id.*

### 2.3 Analysis

Because Plaintiff was a pretrial detainee at the time of the allegations, his failure to protect claim arises under the Due Process Clause of the Fourteenth Amendment. *See Kemp v. Fulton County*, 27 F.4th 491, 495–97 (7th Cir. 2022).[1] Unlike an Eighth Amendment claim, a pretrial detainee claim is

---

[1] The Court notes that Plaintiff was a pretrial detainee on a probation hold at the time of the alleged incident. The Seventh Circuit has recently "suggested that an inmate on a probation hold should be considered a pretrial detainee." *Barbuto v. Ronquillo-Horton*, No. 22-C-569, 2024 WL 4056617, at *4 (E.D. Wis. Sept. 5, 2024) (citing *Estate of Wallmow v. Oneida County*, 99 F.4th 385 (7th Cir. 2024)). For

governed by an objective standard. Under that standard, as recently clarified by the Seventh Circuit in *Pittman v. Madison County*, 108 F.4th 561, 566 (7th Cir. 2024), once a pretrial detainee proves that the defendant officer's failure to act was purposeful and intentional, the sole question is an objective one: did the defendant "take reasonable available measures to abate the risk of serious harm?" *Id.* at 572. As the court emphasized, "[t]he objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570.

Here, Plaintiff alleges that Lewis, Herman, and John/Jane Doe were aware that he wanted to kill himself and failed to appropriately act to protect him. Plaintiff alleges that these defendants acted unreasonably by allowing him to keep his glasses while on suicide watch. Plaintiff further alleges that after these defendants were aware of Plaintiff's situation, Plaintiff engaged in self-harm with the glasses that resulted in serious injuries that required emergency medical treatment. At this early stage, the Court will allow Plaintiff to proceed on a Fourteenth Amendment claim against Defendants Lewis, Herman, and John/Jane Doe for their failure to protect him from self-harm.

The Court will also allow Plaintiff to proceed against Lewis, Herman, and John/Jane Doe on a state law claim for negligence. At this

---

now, the Court will therefore consider the claim under the more rigorous Fourteenth Amendment standard. Defendants will be free to raise this issue later in the case if they believe a different standard should apply.

early stage, the Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a). To sustain a claim for negligence, Plaintiff must allege "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001). As such, the Court will allow Plaintiff to proceed on a state law claim against Lewis, Herman, and John/Jane Doe for negligence.

The Court will not, however, allow Plaintiff to proceed on a claim against the FCJ. A jail is not a 'person' for the purposes of § 1983 and therefore is not a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, [Plaintiff] named a non-suable entity."). As such, the Court will dismiss FJC from this action for the failure to state a claim against it.

### 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourteenth Amendment claim against Defendants Lewis, Herman, and John/Jane Doe for their failure to protect Plaintiff from self-harm.

**Claim Two:** State law negligence claim against Lewis, Herman, and John/Jane Doe for their failure to protect Plaintiff from self-harm.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Forest County Jail be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon Defendants **Lewis and Herman** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants **Lewis and Herman** shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL

5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.