# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TROY G. HAMMER,

               Plaintiff,

v.

KATHRYN LEWIS, AMANDA HERMAN, and JOHN/JANE DOES,

               Defendants.

Case No. 24-CV-1258-JPS

**ORDER**

      Plaintiff Troy G. Hammer, a prisoner, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF 1. On October 18, 2024, the Court screened Plaintiff's claims and allowed certain claims to proceed. ECF No. 5. On February 10, 2025, Plaintiff filed a motion to stay discovery deadlines and a motion to stay the amended complaint deadline. ECF Nos. 31, 32. On February 25, 2025, Defendants fielded a response brief. ECF No. 34. On March 10, 2025, Plaintiff filed a motion to amend the complaint, ECF No. 38, and a separate reply brief in relation to the discovery issues, ECF No. 39. Because the parties indicate the discovery issue has been resolved, the Court will therefore deny the motion to stay discovery deadlines as moot. *See* ECF No. 39 at 2. The remainder of this Order addresses Plaintiff's motion to amend the complaint and screens the amended complaint.

1.     **MOTION TO AMEND THE COMPLAINT**

      The Court will grant Plaintiff's motion to amend the complaint and deny as moot the motion to stay the deadline to amend the complaint. Federal Rule of Civil Procedure 15 allows amendment once as a matter of

course in certain circumstances; Rule 15 also provides that a Court should freely grant leave to amend when justice so requires. Civil Local Rule 15 requires that a motion to amend a complaint notify the court of the proposed changes and the proposed amended complaint be filed as an attachment to the motion. Civil Local Rule 15 further requires that a motion must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference.

The Court previously allowed Plaintiff to proceed on a Fourteenth Amendment claim against Defendants for their failure to protect Plaintiff from self-harm and a state law negligence claim. ECF No. 5 at 6. Plaintiff seeks to amend his complaint in order to identify the Doe defendants and to incorporate a *Monell* claim against Forest County for its failure to train its employees. ECF No. 38. Defendants do not oppose Plaintiff's motion to amend. ECF No. 42. The Court will grant Plaintiff's motion to amend as amendment should be freely granted when justice so requires. The case is in its early stages and Defendants will not be prejudiced by this amendment. The Court will instruct the Clerk of Court to file the proposed amended complaint, ECF No. 38-1, as the amended complaint and that will be the operative complaint going forward. The Court now screens Plaintiff's amended complaint as it supersedes the previous complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998).

2. **SCREENING THE AMENDED COMPLAINT**

    2.1    **Federal Screening Standard**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

During the relevant time period, Plaintiff was a pretrial detainee, incarcerated on a probation hold at the Forest County Jail ("FJC"). ECF No. 38-1 at 2. Sometime during the second week of September, Defendant Sergeant Abigayle Elbe ("Elbe") called Plaintiff into the vestibule of D and E block. *Id.* at 3. Elbe said she heard that Plaintiff had made some sort of suicidal comment. *Id.* The officer then told Plaintiff that she had to go through the suicidal questionnaire. *Id.* at 3–4. After finishing the questionnaire with Defendant Officer Robert Zagar ("Zagar"), Elbe said she had to go make a call. *Id.* at 4. Elbe called the crisis screener and returned to the vestibule of D and E block. *Id.* Elbe informed Plaintiff that he was going to be placed on observation. *Id.* Plaintiff was stripped, given a smock and security blanket, and was placed on clinical observation. *Id.* Plaintiff was wearing his glasses when placed in observation and no one took them from him. *Id.*

On September 10, 2024, Defendant Katie Lewis ("Lewis") evaluated Plaintiff's observation status. *Id.* Lewis determined that Plaintiff was still at risk for a serious suicide attempt. *Id.* Plaintiff was still wearing his glasses during this interaction with Lewis. *Id.* Lewis reported her decision to keep Plaintiff on observation status to Defendant Amanda Herman ("Herman"). *Id.* at 4–5. Herman was already aware of the fact that Plaintiff was wearing his glasses and was a suicide risk. *Id.* at 5. Herman was an officer on September 5, 2024, when Plaintiff was transferred from Green Bay Correctional Institution to FJC for a hearing. *Id.* Plaintiff had a previous self-harm incident around that time where he scratched his neck. *Id.* Herman had witnessed the scratch and told Plaintiff, "You should've cut deeper." *Id.*

Later that night, Plaintiff acted on his suicidal thoughts and used his glasses to harm himself. *Id.* Plaintiff used his glasses to lacerate his left thigh around his femoral artery area and to put a foreign body into his urethra. *Id.* As a result of this injury, Plaintiff was transferred by EMS to Aspirus Hospital in Rhinelander. *Id.* at 5–6. While at the hospital, Plaintiff received six sutures in his left thigh and a foley catheter. *Id.* at 6. Plaintiff was then discharged from the hospital and transferred to FJC. *Id.* While there, Plaintiff was placed in a restraint chair for approximately six hours until he was transferred to Aspirus Urology Clinic to remove the foreign object from his urethra. *Id.*

**2.3    Analysis**

Because Plaintiff was a pretrial detainee at the time of the allegations, his failure to protect claim arises under the Due Process Clause of the Fourteenth Amendment. *See Kemp v. Fulton County*, 27 F.4th 491, 495–97 (7th Cir. 2022).[1] Unlike an Eighth Amendment claim, a pretrial detainee claim is governed by an objective standard. Under that standard, as recently clarified by the Seventh Circuit in *Pittman v. Madison County*, 108 F.4th 561, 566 (7th Cir. 2024), once a pretrial detainee proves that the defendant officer's failure to act was purposeful and intentional, the sole question is an objective one: did the defendant "take reasonable available measures to

---

[1] The Court notes that Plaintiff was a pretrial detainee on a probation hold at the time of the alleged incident. The Seventh Circuit has recently "suggested that an inmate on a probation hold should be considered a pretrial detainee." *Barbuto v. Ronquillo-Horton*, No. 22-C-569, 2024 WL 4056617, at *4 (E.D. Wis. Sept. 5, 2024) (citing *Estate of Wallmow v. Oneida County*, 99 F.4th 385 (7th Cir. 2024)). For now, the Court will therefore consider the claim under the more rigorous Fourteenth Amendment standard. Defendants will be free to raise this issue later in the case if they believe a different standard should apply.

abate the risk of serious harm?" *Id.* at 572. As the court emphasized, "[t]he objective reasonableness of a decision to deny medical care . . . does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570.

Here, Plaintiff alleges that Elbe, Zagar, Lewis, and Herman were aware that he wanted to kill himself and failed to appropriately act to protect him. Plaintiff alleges that these defendants acted unreasonably by allowing him to keep his glasses while on suicide watch. Plaintiff further alleges that after these defendants were aware of Plaintiff's situation, Plaintiff engaged in self-harm with the glasses that resulted in serious injuries that required emergency medical treatment. At this early stage, the Court will allow Plaintiff to proceed on a Fourteenth Amendment claim against Defendants Elbe, Zagar, Lewis, and Herman for their failure to protect him from self-harm.

The Court will also allow Plaintiff to proceed against Elbe, Zagar, Lewis, and Herman on a state law claim for negligence. At this early stage, the Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a). To sustain a claim for negligence, Plaintiff must allege "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001). As such, the Court will allow Plaintiff to proceed on a state law claim against Elbe, Zagar, Lewis, and Herman for negligence.

Finally, the Court finds that Plaintiff may proceed on a *Monell* claim against Defendant Forest County. Section 1983 grants a private right of action against a "person" who acts under color of state law to deprive

Page 6 of 10
Case 2:24-cv-01258-JPS    Filed 04/09/25    Page 6 of 10    Document 43

another of rights under federal law, including the Constitution. A key part of § 1983's doctrinal structure is the difference between individual and governmental liability. In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the United States Supreme Court found that a plaintiff may proceed against a municipal government so long as a constitutional violation was caused by: (1) an express government policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. 436 U.S. at 690–91; *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

Here, Plaintiff alleges that Forest County's failure to train its employees in proper strip searches and/or removal of harmful items for inmates on suicide watch caused his harm. At the pleading stage, the Court finds Plaintiff's allegations are sufficient to proceed against Forest County for a *Monell* claim.

**3.     PROTECTIVE ORDER**

The parties have offered no facts as to why a protective order is needed in this case. Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "specifying terms . . . for . . . disclosure[s] [and] discovery." Fed. R. Civ. P. 26(c)(1)(B); *see also* Civ. L.R. 26(e).

Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Nonetheless, the Court can enter a protective order if the parties have shown good cause

Page 7 of 10
Case 2:24-cv-01258-JPS     Filed 04/09/25     Page 7 of 10     Document 43

another of rights under federal law, including the Constitution. A key part of § 1983's doctrinal structure is the difference between individual and governmental liability. In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the United States Supreme Court found that a plaintiff may proceed against a municipal government so long as a constitutional violation was caused by: (1) an express government policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. 436 U.S. at 690–91; *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

Here, Plaintiff alleges that Forest County's failure to train its employees in proper strip searches and/or removal of harmful items for inmates on suicide watch caused his harm. At the pleading stage, the Court finds Plaintiff's allegations are sufficient to proceed against Forest County for a *Monell* claim.

**3.     PROTECTIVE ORDER**

The parties have offered no facts as to why a protective order is needed in this case. Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "specifying terms . . . for . . . disclosure[s] [and] discovery." Fed. R. Civ. P. 26(c)(1)(B); *see also* Civ. L.R. 26(e).

Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Nonetheless, the Court can enter a protective order if the parties have shown good cause

and that the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause).

The Court will deny the parties' request for a protective order at this juncture because the parties have provided insufficient information for the Court to determine if good cause exists for a protective order. *See* Civ. L.R. 26(e)(1) ("All motions and stipulations requesting a protective order must contain sufficient facts demonstrating good cause."). If the parties choose to renew their request, they must provide the categories of information they expect to be treated as confidential under the anticipated order and describe the good cause for such treatment. *Id.* The Court further directs the parties' attention to the Eastern District of Wisconsin's protective order template, attached as an appendix to the Local Rules. It may be prudent to start any drafting from this template for a renewed motion.

4. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourteenth Amendment claim against Defendants Elbe, Zagar, Lewis, and Herman for their failure to protect Plaintiff from self-harm.

**Claim Two:** State law negligence claim against Defendants Elbe, Zagar, Lewis, and Herman for their failure to protect Plaintiff from self-harm.

**Claim Three:** A *Monell* claim against Forest County for the failure to train its employees.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to stay discovery deadlines and motion to stay amended complaint deadline, ECF Nos. 31, 32, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint, ECF No. 38, be and the same is hereby **GRANTED**; the Clerk of Court is instructed to file the proposed amended complaint, ECF No. 38-1, as the operative amended complaint;

**IT IS FURTHER ORDERED** that the Clerk of Court shall add Forest County as a defendant and shall replace the Doe defendants with Defendants Elbe and Zagar;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint, ECF No. 38-1 and this order upon Defendants **Elbe, Zagar, and Forest County** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants file a responsive pleading to the amended complaint, ECF No. 38-1;

**IT IS FURTHER ORDERED** that the parties' stipulation for a protective order, ECF No. 41, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge