# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TROY G. HAMMER,

          Plaintiff,

v.

KATHRYN LEWIS, AMANDA HERMAN, ABIGAYLE ELBE, FOREST COUNTY, and ROBERT ZAGAR,

          Defendants.

Case No. 24-CV-1258-JPS

**ORDER**

    Plaintiff Troy G. Hammer, a prisoner, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF 1. On April 9, 2025, the Court screened Plaintiff's amended complaint to identify the Doe defendants and allowed certain claims to proceed. ECF No. 43. On May 8, 2025, Defendant Lewis filed a motion to compel Plaintiff to sign medical record authorizations. ECF No. 54.

    The Court will grant Defendant's motion to compel Plaintiff to sign medical record authorizations. "Although a plaintiff may have a constitutional interest in protecting the confidentiality of his medical records, such an interest is waived when he files suit against defendants alleging claims that place his medical condition at issue." *Brown v. Picknell*, No. 18-CV-1653, 2019 WL 4118788, at *2 (E.D. Wis. Aug. 29, 2019). The same is true as to emotional and/or psychological treatment records. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state.").

The Court understands that Plaintiff may not want his medical history released; however, he must do so on or before **June 10, 2025** in order to move forward with his claims. Plaintiff must sign the authorizations, or the Court may dismiss this case without prejudice. *See, e.g.*, *Mason v. Clover*, No. 19-CV-1103, 2022 WL 60669, at *1 (E.D. Wis. Jan. 6, 2022) ("Mason put his health at issue when he alleged that the injury he sustained by the defendants' action were ill health effects. Without access to his medical records, the defendants cannot defend themselves . . . . If Mason fails to sign the medical authorization form and return it to defendants by January 26, 2021, the court will dismiss this case."); *Caldwell v. Malave*, No. 2:19-CV-116-JTM-JEM, 2021 WL 5195723, at *2 (N.D. Ind. Nov. 9, 2021) ("Plaintiff has made claims that directly involve [her] medical treatment and cannot now refuse to disclose the relevant medical records to Defendants. If Plaintiff chooses not to comply, the case will likely be subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).") (collecting cases); *Swertfeger v. Nicksic*, No. 19-CV-751-JDP, 2021 WL 808688, at *3 (W.D. Wis. Mar. 3, 2021) ("Swertfeger has refused to sign authorizations, saying that Nicksic seeks information outside the scope of this lawsuit . . . . [I]t would be unfair to Nicksic to defend against Swertfeger's claims without [medical] information. Swertfeger's ultimate choice is either to share the relevant information with Nicksic or have the case dismissed."); *accord Jacobs v. Frank*, 349 F. App'x 106, 107 (7th Cir. 2009) (affirming dismissal of case following pattern of plaintiff's failure to comply with discovery requests as to medical record authorizations and the district court's warning regarding the same).

Accordingly,

**IT IS ORDERED** that Defendant's motion to compel Plaintiff to sign medical records authorizations, ECF No. 54, be and the same is hereby **GRANTED**; Plaintiff must sign and return the medical records authorizations on or before **June 10, 2025** or his case may be dismissed for the failure to prosecute.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 3 of 3
Case 2:24-cv-01258-JPS    Filed 05/20/25    Page 3 of 3    Document 59