# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TROY G. HAMMER,

      Plaintiff,

v.

KATHRYN LEWIS, AMANDA HERMAN, ABIGAYLE ELBE, FOREST COUNTY, and ROBERT ZAGAR,

      Defendants.

Case No. 24-CV-1258-JPS

**ORDER**

  Plaintiff Troy G. Hammer, a prisoner, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF 1. On December 31, 2024, the Court entered a scheduling order with a deadline for discovery to be completed on or before May 30, 2025. ECF No. 29. On April 9, 2025, the Court screened Plaintiff's amended complaint to identify the Doe defendants and allowed certain claims to proceed. ECF No. 43. On April 22, 2025, the Court extended the discovery deadline until July 15, 2025. ECF No. 53. On June 30, 2025, Plaintiff filed a motion to release records without paying, ECF No. 61, and a motion to stay discovery, ECF No. 62. Defendants filed a joint response on July 15, 2025, ECF No. 63, and Plaintiff filed a reply on July 25, 2025, ECF No. 66.

  The Court will deny Plaintiff's motion to release records without paying. Plaintiff indicates that his open records requests have not been fulfilled because he has been unable to pay for such records. ECF No. 61-1. Inmates have no constitutional right to financial assistance in prosecuting a civil suit. *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). Under Wis.

Stat. § 301.328, an inmate may ask the state for a legal loan to cover his legal costs. A state regulation adds that inmates may not be denied "[c]orrespondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board . . . due to lack of funds." Wis. Admin. Code DOC § 309.51(1). This regulation also says that inmates who lack sufficient funds "*may* receive a loan from the institution where they reside," *id.* (emphasis added), which the Seventh Circuit has said "implies some discretion on the part of prison administrators in making the loans." *Johnson v. Foster*, 786 F.3d 501, 507 (7th Cir. 2015). Managing and eventually repaying a legal loan is "a matter strictly between [the inmate] and Wisconsin, and not any business of the federal courts." *See Lindell*, 352 F.3d at 1111 (citing *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1076 (E.D. Wis. 1999)).

Moreover, it is unclear why Plaintiff is seeking records through an open records request as opposed to through the course of normal discovery. Defendants indicate they have not been contacted to discuss Plaintiff's difficulties with obtaining these records. ECF No. 63. This should be Plaintiff's first step in addressing discovery issues. *See* Civil Local Rule 37 (requiring a meet and confer between the parties for discovery issues). Plaintiff should seek the documents from Defendants and work with them resolve any issues.[1]

---

[1] To the extent that Plaintiff seeks information from a third party, he may follow the process for obtaining a subpoena. Under Federal Rule of Civil Procedure 45, a party may seek to compel a non-party for the production of documents, among other things, and for the inspection of premises. Fed. R. Civ. P. 45(c)(2). A person wishing to issue a subpoena must ask the Clerk of Court to provide him with a subpoena form; the Clerk of Court will sign a blank subpoena form and deliver it to the requesting party. Fed. R. Civ. Pro. 45(a)(3).

In light of these discovery issues, the Court will amend the current scheduling order to allow for Plaintiff to resolve his discovery issues; however, the Court will deny Plaintiff's motion to stay the case indefinitely. Discovery must be completed on or before **September 30, 2025.** In light of the additional claims and discovery, the Court will also adjust the deadline to file for summary judgment. The parties may file summary judgment motions on or before **December 2, 2025**. All remaining requirements from the Court's scheduling order remain in place. *See* ECF No. 29. The Court emphasizes that it expects the parties to work together to resolve the outstanding discovery issues. No further extensions will be granted absent extraordinary circumstances.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to release records without paying, ECF No. 61, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay discovery, ECF No. 62, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows: discovery must be completed on or before **September 30, 2025**; the parties may file summary judgment motions on or before **December 2, 2025**.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge